UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Don Sanford, et al.,

    Plaintiffs,        Court File No. 13-cv-2250 (MJD/LIB)

  v.            **REPORT AND RECOMMENDATION**

Maid-Rite Corporation, et al.,

    Defendants.

   This matter came before the undersigned United States Magistrate Judge upon Defendants Tania Burt, Stephen H. Copple, Charles B. Kirke, and R. Jeffrey Lewis's Motion to Dismiss, [Docket No. 9]. This motion has been referred to the undersigned Magistrate Judge for a report and recommendation, (see Order of Referral [Docket No. 15]), pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1. The Court held a hearing on the motion on November 7, 2013. For reasons discussed below, the Court recommends that Defendants' Motion to Dismiss, [Docket No. 9], be **GRANTED**.

I.  STATEMENT OF FACTS

   In the present case, Plaintiffs allege numerous counts against Defendants arising from the purchase of five Maid-Rite Corporation ("MRC") franchises. Allegations include claims of fraud, negligent misrepresentation, violations of state franchise and consumer protection laws, and breach of contract. (Amended Compl. [Docket No. 24], ¶ 1).

   Plaintiffs, former and current Maid-Rite franchisees, allege that Defendants, Maid-Rite Corporation, its President and CEO Bradley L. Burt, MRC Executive Vice President Tania Burt, and three MRC directors (Copple, Kirke, and Lewis), induced Plaintiffs to purchase franchises and open Maid-Rite restaurants by unfounded and unlawful representations regarding the

company's profitability. (Id.) Relying on these misrepresentations, Plaintiffs invested and lost substantial amounts of money, in excess of approximately $4.1 million.

Plaintiffs allege that they relied, to their detriment, on misleading and/or fraudulent Franchise Disclosure Documents and Business Plans from MRC, (Id. ¶¶ 2, 46, 82, 127, 170, 206), that Plaintiffs suffered losses upon opening their respective franchises, (Id. ¶¶ 54, 55, 95, 141, 179, 184, 230), and that MRC knew it grossly overstated its profitability projections and income potential along the way, (Id. ¶¶ 101, 147, 185, 234). Specifically, Plaintiffs allege:

- The projections of revenue and income contained in the Business Plans were not founded on facts relevant to the franchise city; had no reasonable basis; and were made in violation of law.
- Instead of growing, the Maid-Rite system was shrinking. In 2009 alone, it had lost a dozen franchises.
- The reasons for franchisees leaving the system in 2007 and 2008 were not, as represented, because of reasons unrelated to Maid-Rite, but in fact, in some cases, were because of Maid-Rite's failure to deliver on its promises.
- The representations of financial performance were false, misleading, and incomplete.
- Maid-Rite's financial condition had significantly worsened.

(Id. ¶¶ 58, 103, 149, 187, 236).

The Plaintiffs may be compartmentalized into five groups, each comprised of two former or current franchise owners and their franchise company: (1) Don Sanford, Noreen Sanford, and Don's Crumble Beef Sandwich Shoppe, LLC ("the Sanfords"); (2) Paula Quam, Donavon Quam, and Detroit Lakes Maid-Rite, LLC ("the Quams"); (3) Scott Suhr, Roxanna Suhr, and ROSCO, LLC ("the Suhrs"); (4) Randolph Shermo, Cindy Shermo, and RACI, Inc. ("the Shermos"); and (5) Dana Rosenberg, Evan Rosenberg, and Evan & Dana's Maid-Rite, LLC ("the Rosenbergs"). Each Plaintiff group alleges the following counts against Defendants, totally 48 individual counts:

By the Sanfords:

- Violation of the Minnesota Franchise Act – Making of Financial Performance Representations (against all Defendants)
- Violation of the Minnesota Franchise Act – False and Misleading Statements (against all Defendants)
- Violation of the Minnesota Franchise Act – Omission of Material Facts (against all Defendants)
- Violation of the Minnesota Franchise Act – False, Fraudulent, and Deceptive Practices (against all Defendants)
- Violation of the Minnesota Franchise Act – Unlawful Termination (against all Defendants)
- Fraud (against MRC and Bradley L. Burt)
- Fraud by Omission (against all Defendants)
- Negligent Misrepresentation (against MRC and Bradley L. Burt)
- Breach of Contract (against MRC)
- Breach of Covenant of Good Faith and Fair Dealing (against MRC)

By the Quams:

- Violation of the Minnesota Franchise Act – Offer and Sale of Unregistered Franchise (against all Defendants except Kirke)
- Violation of the Minnesota Franchise Act – Making of Financial Performance Representations (against all Defendants except Kirke)
- Violation of the Minnesota Franchise Act – False and Misleading Statements (against all Defendants except Kirke)
- Violation of the Minnesota Franchise Act – Failure to Provide Current FDD (against all Defendants except Kirke)
- Violation of the Minnesota Franchise Act – Omission of Material Facts (against all Defendants except Kirke)
- Violation of the Minnesota Franchise Act – False, Fraudulent, and Deceptive Practices (against all Defendants except Kirke)
- Violation of the Minnesota Franchise Act – Failure to Provide Adequate Time to Review Franchise Agreement (against all Defendants except Kirke)
- Violation of the Minnesota Franchise Act – Unlawful Termination (against all Defendants except Kirke)
- Fraud (against MRC and Bradley L. Burt)
- Fraud by Omission (against all Defendants except Kirke)
- Negligent Misrepresentation (against MRC and Bradley L. Burt)
- Breach of Contract (against MRC)
- Breach of Covenant of Good Faith and Fair Dealing (against MRC)

By the Suhrs:

- Violation of the Wisconsin Franchise Investment Law – Making of Financial Performance Representations (against all Defendants)
- Violation of the Wisconsin Franchise Investment Law – False and Misleading Statements (against all Defendants)
- Violation of the Wisconsin Franchise Investment Law – Omission of Material Facts (against all Defendants)
- Violation of the Wisconsin Fair Dealership Law – Unlawful Termination (against all Defendants)
- Fraud (against MRC and Bradley L. Burt)
- Fraud by Omission (against all Defendants)
- Negligent Misrepresentation (against MRC and Bradley L. Burt)
- Breach of Contract (against MRC)
- Breach of Covenant of Good Faith and Fair Dealing (against MRC)

By the Shermos:

- Violation of the Minnesota Franchise Act – Making of Financial Performance Representations (against all Defendants except Kirke)
- Violation of the Minnesota Franchise Act – False and Misleading Statements (against all Defendants except Kirke)
- Violation of the Minnesota Franchise Act – Failure to Provide Current FDD (against all Defendants except Kirke)
- Violation of the Minnesota Franchise Act – Omission of Material Facts (against all Defendants except Kirke)
- Violation of the Minnesota Franchise Act – False, Fraudulent, and Deceptive Practices (against all Defendants except Kirke)
- Fraud (against MRC and Bradley L. Burt)
- Fraud by Omission (against all Defendants except Kirke)
- Negligent Misrepresentation (against MRC and Bradley L. Burt)
- Breach of Contract (against MRC)
- Breach of Covenant of Good Faith and Fair Dealing (against MRC)

By the Rosenbergs:

- Violation of the Colorado Consumer Protection Act (against MRC and Bradley L. Burt)
- Fraud (against MRC and Bradley L. Burt)
- Fraud by Omission (against all Defendants)
- Negligent Misrepresentation (against MRC and Bradley L. Burt)
- Breach of Contract (against MRC)
- Breach of Covenant of Good Faith and Fair Dealing (against MRC)

Defendants Tania Burt, Copple, Kirke, and Lewis filed their Motion to Dismiss, [Docket No. 9], on September 9, 2013. In response, Plaintiffs filed their First Amended Complaint,

presuming to have addressed any and all deficiencies alleged by Defendants in their motion. (Response to Motion to Dismiss [Docket No. 25]). The Court instructed the parties to meet and confer with regard to the Motion to Dismiss to determine whether the Amended Complaint rendered the motion moot. (Order [Docket No. 26]). The parties could not agree as to the effect of the Amended Complaint and informed the Court accordingly. (Joint Letter to the Court [Docket No. 27]). The Court now addresses the motion to dismiss in light of the Plaintiffs' Amended Complaint.

The four moving Defendants collectively move to dismiss certain portions of Plaintiffs' Amended Complaint. (Defs.'s Mot. to Dismsis [Docket No. 9]). The moving Defendants include:

1. T. Burt, MRC Executive Vice President, a resident of Iowa, (Amended Compl. [Docket No. 24], ¶ 17);
2. Copple, an MRC director at all relevant times, a resident of Iowa, (id. ¶ 18);
3. Kirke, an MRC director at some relevant times, a resident of Iowa, (id. ¶ 19); and
4. Lewis, an MRC director at all relevant times, a resident of Iowa, (id. ¶ 20).

First, the moving Defendants argue that the Court lacks personal jurisdiction over Defendants Copple, Kirke, and Lewis, and, as such, the Court must dismiss all counts alleged against these three Defendants. Second, with respect to Defendants Tania Burt, Copple, Kirke, and Lewis, the moving Defendants argue that Plaintiffs have failed to claim fraud by omission with the requisite particularity.[1]

## II. MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

### A. Standard of Review

Rule 12(b)(2) of the Federal Rules of Civil Procedure provides that a party may move to dismiss claims for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). "To defeat a motion to dismiss for lack of personal jurisdiction, the nonmoving party need only make a prima facie showing of jurisdiction." Epps v. Stewart Info. Servs. Corp., 327 F.3d 642, 647 (8th Cir. 2003)

---

[1] See Counts 7, 20, 29, 39, and 45 of Plaintiffs' Amended Complaint, [Docket No. 24].

(citing Falkirk Min. Co. v. Japan Steel Works, Ltd., 906 F.3d 369, 373 (8th Cir. 1990); Watlow Elec. Mfg. v. Patch Rubber Co., 838 F.2d 999, 1000 (8th Cir. 1988)). As long as there is "some evidence upon which a prima facie showing of jurisdiction may be found to exist," the Rule 12(b)(2) motion will be denied. Pope v. Elabo GmbH, 588 F. Supp. 2d 1008, 1014 (D. Minn. 2008) (internal citations omitted). The party seeking to establish personal jurisdiction bears the burden of proof, and the burden does not shift to the party challenging personal jurisdiction. Epps, 327 F.3d at 647. For the purposes of a prima facie showing, the Court must view the evidence in the light most favorable to the non-moving party. Westley v. Mann, 896 F. Supp. 2d 775, 786 (D. Minn. 2012).

The Epps court (Eighth Circuit) summarizes the evolution of personal jurisdiction doctrine:

> In International Shoe Co. v. Washington, 326 U.S. 310, 66 S. Ct. 154, 90 L.Ed. 95 (1945), the United States Supreme Court expanded the limits of state jurisdiction over nonresident defendants, while leaving in place basic due process limitations on that power. The Court focused not on the presence of the defendant in the state, as it had fifty years earlier in Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565 (1877), but rather on the nature of the contacts that the nonresident defendant had with the forum state. The Court stated that attention must be paid to the "quality and nature" of the contacts, as well as to whether the defendant, through those contacts, enjoyed the "benefits and protections" of the laws of the foreign state. International Shoe, 326 U.S. at 319, 66 S. Ct. 154. The Court further noted that situations exist in which a nonresident defendant's contacts with a forum state may be so substantial and continuous as to justify jurisdiction over that defendant even though the cause of action is "entirely distinct from those activities." Id. at 318, 66 S. Ct. 154. The Court's touchstone inquiries ask whether personal jurisdiction over the nonresident defendant is based on "minimum contacts" and whether assumption of personal jurisdiction would offend "traditional notions of fair play and substantial justice." Id. at 316, 66 S. Ct. 154.

> Since International Shoe, the Court has revisited and refined the analysis of personal-jurisdiction issues. A nonresident defendant's contacts with a forum state, for example, must be sufficient to cause the defendant to "reasonably anticipate being haled into court there." World-Wide Volkswagen Corp., 444 U.S. at 297, 100 S. Ct. 559. The Court has also identified two types of personal jurisdiction: general and specific. When a cause of action arises out of or is related to a defendant's contacts with the forum state, the exercise of personal jurisdiction is one of specific jurisdiction. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 n. 8, 104 S. Ct. 1868, 80 L.Ed.2d 404 (1984); Burlington Industries, Inc. v. Maples Industries, Inc., 97 F.3d 1100, 1103 (8th Cir. 1996) (citing Wessels, Arnold & Henderson v. National Medical Waste, Inc., 65 F.3d 1427, 1432 n. 4 (8th Cir. 1995)). However, if the exercise of jurisdiction does not depend on the relationship between the cause of action and the defendant's contacts with the forum state, the exercise of personal jurisdiction is one of general jurisdiction. Helicopteros Nacionales, 466 U.S. at 415 n. 9, 104 S. Ct. 1868. When general jurisdiction is in question, a defendant may be subject to the forum state's exercise of personal jurisdiction if contacts with the state are continuous and systematic. Id. at 414, 104 S. Ct. 1868.

Epps, 327 F.3d at 648.

A federal court sitting in diversity may exercise personal jurisdiction over a defendant if doing so (1) is consistent with the Minnesota long-arm statute, Minn. Stat. § 543.19,[2] and (2) comports with Due Process. Pope, 588 F. Supp. 2d at 1014. Because Minn. Stat. § 543.19

---

[2] Minn. Stat. § 543.19 provides:

**Subdivision 1. Personal jurisdiction.** As to a cause of action arising from any acts enumerated in this subdivision, a court of this state with jurisdiction of the subject matter may exercise personal jurisdiction over any foreign corporation or any nonresident individual, or the individual's personal representative, in the same manner as if it were a domestic corporation or the individual were a resident of this state. This section applies if, in person or through an agent, the foreign corporation or nonresident individual:

(1) owns, uses, or possesses any real or personal property situated in this state; or
(2) transacts any business within the state; or
(3) commits any act in Minnesota causing injury or property damage; or
(4) commits any act outside Minnesota causing injury or property damage in Minnesota, subject to the following exceptions when no jurisdiction shall be found:
   (i) Minnesota has no substantial interest in providing a forum; or
   (ii) the burden placed on the defendant by being brought under the state's jurisdiction would violate fairness and substantial justice.

7

reaches only as far as constitutional Due Process allows (coterminous), the Court need only consider whether exercising personal jurisdiction over the moving Defendants is consistent with Due Process. Id. at 1015.

The exercise of personal jurisdiction over a defendant is constitutional (i.e. consistent with Due Process) if (1) the defendant has made minimum contacts with the forum state (2) such that jurisdiction does not offend "traditional notions of fair play and substantial justice." International Shoe, 326 U.S. at 316. These are two separate requirements. In Burger King Corp. v. Rudzewicz, 471 U.S. 462 (1985), the United States Supreme Court explained, "Once it has been decided that a defendant purposefully established minimum contacts within the forum State, these contacts may be considered in light of other factors to determine whether the assertion of personal jurisdiction would comport with 'fair play and substantial justice.'" Id. at 476. The Court thus engages in a two-part analysis:

> First, the court must determine whether the defendant has minimum contacts with the forum state. If it does not, the analysis is at an end; the court cannot exercise jurisdiction. If it does, the court moves to the second step of the analysis: determining whether the exercise of jurisdiction over the defendant would "comport with fair play and substantial justice." Burger King, 471 U.S. at 476, 105 S. Ct. 2174 (quotations omitted). The first step might be referred to as the "minimum contacts" analysis, while the second step might be referred to as the "reasonableness" analysis.

Pope, 588 F. Supp. 2d at 1015.

Minimum contacts are evaluated according to the defendant's conduct. "[T]he constitutional touchstone remains whether the defendant purposefully established 'minimum contacts' in the forum State." Burger King, 471 U.S. at 474. It follows that sufficient minimum contacts exist only when the defendant's conduct was such that he should reasonably anticipate being haled into court there. World-Wide Volkswagen, 444 U.S. at 297.

A defendant may reasonably anticipate being haled into court when there is "some act by which the defendant purposefully avails itself of the privilege of conduct activities within the forum State, thus invoking the benefits and protections of its laws." Burger King, 471 U.S. at 475. "A defendant whose contacts with a state are entirely random, fortuitous, or attenuated by definition has not purposefully availed itself of the benefits and protections of the state's laws." Pope, 588 F. Supp. 2d at 1016.

The Eighth Circuit frequently lists five factors to consider in a personal jurisdiction analysis. "To evaluate the propriety of jurisdiction, we consider: (1) the nature and quality of the contacts with the forum state; (2) the quantity of the contacts with the forum state; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties." Bell Paper Box, Inc. v. Trans Western Polymers, Inc., 53 F.3d 920, 922 (8th Cir. 1995) (internal quotations omitted). This District has held that the first two factors go primarily to whether minimum contacts exist, and the last two assist courts in assessing reasonableness. Pope, 588 F. Supp. 2d at 1017-18.

**B.   The Court does not have personal jurisdiction over Defendants Copple, Kirke, and Lewis**

Plaintiffs generally contend that this Court has personal jurisdiction over Defendants Copple, Kirke, and Lewis "by reason of their positions as control persons of MRC and their purposeful availment of the benefits and protections of Minnesota law as directors of a corporation selling franchises in Minnesota." (Amended Compl. [Docket No. 24], ¶ 22). In their Amended Complaint, Plaintiffs allege that the three Defendants are subject to jurisdiction in this District:

- "[B]y reason of their positions as control persons of MRC and their purposeful availment of the benefits and protections of Minnesota law as directors of a corporation selling franchises in Minnesota";

9

- Because they "managed [MRC's] affairs and took affirmative steps to do business in Minnesota";
- Because they "controlled and directed MRC's sale of franchises in Minnesota"; and
- Because they "exercised control over MRC's preparation, registration in Minnesota and delivery to Plaintiffs of FDDs containing false and misleading information and the issuance to Plaintiffs of false, misleading and unlawful information outside of the FDD, including the business plan referred to below."

(Id. ¶¶ 22-29).[3]

However, each of Plaintiffs' allegations in support of the Court's ability to exercise personal jurisdiction over Defendants Copple, Kirke, and Lewis are conclusory and insufficient to create a prima facie case for the exercise of personal jurisdiction.

As articulated above, a prima facie case of personal jurisdiction requires a showing that (1) defendant has had minimum contacts with the forum state, and (2) the exercise of personal jurisdiction is in accordance with the notions of fair play and substantial justice. A foreign defendant has not made "minimum contacts" with the forum unless he has "purposefully availed himself of the privileges of conducting activities within the forum state, thus invoking the benefits and protections of its laws." Bell Paper Box, 53 F.3d at 922. Viewing the allegations advanced in Plaintiffs' Amended Complaint in the light most favorable to Plaintiffs, they have nevertheless failed to allege particular facts sufficient to demonstrate Defendants Copple's, Kirke's, and Lewis's minimum contacts with and purposeful availment of the laws of this forum.

Many – if not all – of Plaintiffs' "personal jurisdiction" allegations in the Amended Complaint (¶¶ 22-29) are legal conclusions unsupported by specific factual articulations concerning Copple's, Kirke's, and Lewis's role(s) in the underlying actions concerning Minnesota MRC franchises. General allegations that the directors "exercised corporate powers," "managed business affairs," and "reached into Minnesota" are vague legal conclusions

---

[3] All of Plaintiffs' factual allegations in support of the Court's personal jurisdiction over Defendants Copple, Kirke, and Lewis are articulated in paragraphs 22 through 29 of Plaintiffs' Amended Complaint, [Docket No. 24].

insufficient to establish the three Defendants' individual minimum contacts with this forum. Nothing in Plaintiffs' pleadings indicates how or whether Copple, Kirke, and Lewis purposefully availed themselves in such as way so as to have been on-notice of the possibility of being haled into court in this District.

Reading the pleadings in the light most favorable to Plaintiffs, the Amended Complaint makes essentially only one generalized factual allegation: that Copple, Kirke, and Lewis were corporate directors at relevant times. However, "[t]he corporate shield doctrine, also known as the fiduciary-shield doctrine, holds that an individual's actions performed solely as a corporate officer do not create personal jurisdiction over that officer as an individual but may be used to subject the corporation to jurisdiction." Garber v. Jack's Corn Crib, No. 4-86-740, 1988 WL 74280 (D. Minn. July 18, 1988) (internal citations omitted). The Eighth Circuit applies the general rule regarding the amenability of a non-resident corporate officer to the jurisdiction of a forum state: "The law is clear that a corporate officer or agent who has contact with the forum state only with regard to the performance of corporate duties does not thereby become subject to jurisdiction in his or her individual capacity." Id. (citing Arkansas Rice Growers v. Alchemy Industries, Inc., 797 F.2d 565, 574 (8th Cir. 1986); Delong Equipment Co. v. Washington Mills Abrasive, 840 F.2d 843, 851 (11th Cir. 1988)).

Plaintiffs' Amended Complaint fails to allege with any specificity any particular individual contacts by Copple, Kirke, or Lewis with Minnesota. Rather, Plaintiffs rely solely on broad legal conclusions and alleged actions largely attributable to MRC as a corporation. Without more, Plaintiffs have failed to make a prima facie case for the Court's ability to exercise personal jurisdiction individually over Defendants Copple, Kirke, and Lewis.

Finally, in both their motion papers and at the motion hearing, Plaintiffs seemed to conflate the ideas of personal jurisdiction and personal liability, arguing that somehow Defendants Copple, Kirke, and Lewis's potential for individual liability under the Minnesota Franchise Act was sufficient to convey personal jurisdiction. However, Plaintiffs have confused two distinct and separate legal issues.

Statutory liability is a <u>merits</u> issue; but to reach the merits of Plaintiffs' claims, the Court must <u>first</u> and <u>separately</u> have personal jurisdiction over the Defendants. In <u>Dr. Performance of Minnesota, Inc. v. Dr. Performance Management, LLC</u>, No. 01-cv-1524 (DSD/SRN), 2002 WL 31628440 (D. Minn. Nov. 12, 2002), held that without a demonstrate of sufficient minimum contacts, the officer liability section of the Minnesota Franchise Act "cannot alone provide a basis for personal jurisdiction." <u>Id.</u> Similarly, any potential, individual liability Defendant Copple, Kirke, and Lewis might bear in the present case does not work to resolve the Court's threshold personal jurisdiction question.

## III.    MOTION TO DISMISS FOR FAILURE TO PLEAD FRAUD

### A.    Standard of Review

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to dismiss a claim if, on the pleadings, a party has failed to sufficiently plead or state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). Courts must undertake the "context-specific task" of determining whether the moving party's allegations "nudge" its claims against the defendant "across the line from conceivable to plausible." <u>See</u> <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 679-81 (2009). The moving party must "plead[ ] factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.; see also Farnam Street Fin., Inc. v. Pump Media, Inc., No. 09-233 (MJD/FLN), 2009 WL 4672668, at *3 (D. Minn. Dec. 8, 2009) (citing Iqbal, 556 U.S. at 678).

Specifically, for purposes of the present case, Plaintiffs must plead allegations of fraud with particularity. Federal Rule of Civil Procedure 9(b) provides: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). "This particularity requirement demands a higher degree of notice than that required for other claims." U.S. ex rel. Costner v. U.S., 317 F.3d 883, 888 (8th Cir. 2003).

"A pleading which alleges fraud or mistake must identify 'who, what, where, when, and how.'" Bank of Montreal v. Avalon Capital Group, Inc., 743 F. Supp. 2d 1021, 1028 (D. Minn. 2010) (citing Parnes v. Gateway 2000, Inc., 122 F.3d 539, 550 (8th Cir. 1997)). "Conclusory allegations that a defendant's conduct was fraudulent and deceptive are not sufficient to satisfy the rule." MathStar, Inc. v. Tiberius Capital II, LLC, 712 F. Supp. 2d 870, 883 (D. Minn. 2010) (quoting Commercial Prop. Invs., Inc. v. Quality Inns Int'l, Inc., 61 F.3d 639, 644 (8th Cir. 1995)).

However, other districts have recognized that "fraud by omission" claims need not be pled with quite the same degree of specificity required of "affirmative fraud" claims:

> As applied to Plaintiffs' claim for fraud by concealment, a fraud by omission or fraud by concealment claim "can succeed without the same level of specificity required by a normal fraud claim." Bagget v. Hewlett-Packard Co., 582 F. Supp. 2d 1261, 1267 (C.D. Cal. 2007). This is because "[r]equiring a plaintiff to identify (or suffer dismissal) the precise time, place, and content of an event that (by

13

> definition) did not occur would effectively gut state laws prohibiting fraud-by-omission." In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig., 684 F. Supp. 2d 942, 961 (N.D. Ohio 2009).

In re Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices, and Prods. Liab. Litig., 754 F. Supp. 2d 1145, 1189 (C.D. Cal. 2010).

However, even in a fraud-by-omission case, "a plaintiff must show that the defendant had a duty to disclose but did not do so. This duty to disclose arises in situations where the defendant 'has special knowledge of material facts to which the other party does not have access.'" In re Nat'l Arbitration Forum Trade Practices Litig., 704 F. Supp. 2d 832, 840 (D. Minn. 2010) (citing Exeter Bancorp., Inc. v. Kemper Sec. Group, Inc., 58 F.3d 1306, 1314 (8th Cir. 1995); Baer Gallery, Inc. v. Citizen's Scholarship Found. of Am., Inc., 450 F.3d 816, 821 (8th Cir. 2006)).

### B. Plaintiffs have failed to plead fraud by omission with the requisite particularity[4]

The factual allegations in support of Plaintiffs' Fraud by Omission claims are set out in Counts 7, 20, 29, 39, and 45 of Plaintiffs' Amended Complaint, [Docket No. 24].

As set forth above, plaintiffs must plead fraud claims with heightened particularity. Fraud by omission claims, too, are subject to heightened pleading/particularity standards, keeping in mind the limitations implicit in fraud-by-omission claims. Although plaintiffs may not necessarily be able to specifically identify the who, what, where, when, and how of the alleged fraud-by-omission, they must nevertheless provide some specificity above and beyond standard pleading requirements, namely, allegations sufficient to identify the specific circumstances under which the fraud-by-omission took place. See Mui Ho v. Toyota Motor Corp., 931 F. Supp. 2d

---

[4] Although the Undersigned recommends dismissing all claims alleged against Defendants Copple, Kirke, and Lewis for lack of personal jurisdiction, the Court would alternatively recommend that, even if personal jurisdiction did exist over these three Defendants, Plaintiffs' fraud allegations against the three Defendants be dismissed as insufficiently pled.

987, 999 (N.D. Cal. 2013) ("Claims for fraud must be pled at a heightened standard of specificity per Federal Rule of Civil Procedure 9(b). However, because a plaintiff bringing fraud by omission claims will not be able to specify the time, place, and specific content of an omission as precisely as would a plaintiff in a false representation claim, plaintiffs may plead fraud by omission by alternative means.")

Plaintiffs argue that the Amended Complaint, [Docket No. 24], sufficiently demonstrates the context of the alleged omissions and how the omissions misled Plaintiffs:

> When and Where: Plaintiffs have alleged when they received the FDDs and Business Plans, and that it was these documents that contained the fraudulent omissions;
>
> Who: Plaintiffs have alleged the fraudulent omissions were committed here by all Defendants as control persons that had a duty to oversee the preparation of the FDDs, controlled the preparation of the FDDs, controlled and directed the sale of franchises, and knew that the FDDs had to be truthful and comply with the law;
>
> What and How: Plaintiffs have alleged the context of the fraud and that the omissions were fraudulent by stating what the omissions were and how they were misleading. Also, Plaintiffs have alleged the existence of a duty to disclose omitted information by alleging the Minnesota Franchise Act, Wisconsin Franchise Investment Law, FTC Franchise Rule, and common law created duties to disclose (AC ¶¶ 285, 289, 376, 380, 433, 436, 505, 509, 542, 549), and Plaintiffs have alleged damages arising from the fraudulent omissions.

(Pl.'s Opp. Mem. [Docket No. 30], at 21-22).

However, Plaintiffs' Amended Complaint attributes "fraud by omission" to MRC as an entity; at no point does the Amended Complaint identify with particularity any individual Defendants' role in the alleged fraudulent conduct. Although Plaintiffs contend that they have sufficiently identified the "who, what, where, when, and how" required by Rule 9, the Amended Complaint largely fails to place any of the individual defendants on notice of their personal allegedly fraudulent conduct and/or omissions. Plaintiffs do identify with some particularity the nature of the fraudulent omissions – namely, omissions and fraudulent representations in the

15

FDDs and Business Plans. However, Plaintiffs fail to allege who specifically was responsible for these alleged omissions. The allegations are broad and sweeping and are only alleged against "Maid-Rite" generally.

Plaintiffs have failed to allege any facts – much less specific facts sufficient to place the moving Defendants on notice as to their individual role in the alleged fraudulent acts – as to how Defendants Tania Burt, Copple, Kirke, and Lewis were <u>directly</u> involved in circumstances creating the alleged omission of material information. As a result, the Undersigned recommends dismissing Plaintiffs' Counts 7, 20, 29, 39, and 45 of Plaintiffs' Amended Complaint, [Docket No. 24] as alleged against all four of the moving Defendants for failure to plead with the requisite particularity.

## IV.   CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Defendants Copple, Kirke, and Lewis's Motion to Dismiss, [Docket No. 9], be **GRANTED** insofar as all of Plaintiffs' claims against Defendants Copple, Kirke, and Lewis be **DISMISSED without prejudice** for lack of personal jurisdiction as set forth above; and

2. Defendants Tania Burt, Copple, Kirke, and Lewis's Motion to Dismiss, [Docket No. 9], be **GRANTED** insofar as all fraud-by-omission claims against Defendants Tania Burt, Copple, Kirke, and Lewis (Counts 7, 20, 29, 39, and 45 of Plaintiffs' Amended Complaint) be **DISMISSED without prejudice**, as insufficiently pled as set forth above.

Dated: January 3, 2014               s/Leo I. Brisbois
                             The Honorable Leo I. Brisbois
                             United States Magistrate Judge

# N O T I C E

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by January 17, 2014**, a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections **by January 31, 2014**. Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.