UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

DON SANFORD, et al.,

      Plaintiffs,

v.

MAID-RITE CORPORATION, et al.,

      Defendants.

**ORDER**
Civil File No. 13-2250 (MJD/LIB)

W. Michael Garner and Elliot R. Ginsburg, W. Michael Garner, PA, Counsel for Plaintiffs.

Michael W. McNee and Robyn K. Johnson, Cousineau McGuire Chartered, Counsel for Defendants.

      The above-entitled matter comes before the Court upon the Report and Recommendation of United States Magistrate Judge Leo I. Brisbois dated January 3, 2014. [Docket No. 36] Plaintiffs filed objections to the Report and Recommendation. [Docket No. 38]

      Pursuant to statute, the Court has conducted a <u>de</u> <u>novo</u> review upon the record. 28 U.S.C. § 636(b)(1); Local Rule 72.2(b). Based upon that review, the

1

Court adopts the Report and Recommendation of United States Magistrate Judge Leo I. Brisbois dated January 3, 2014.

## I.     Corporate Shield Doctrine

The Court has taken into account the Eighth Circuit's treatment of personal jurisdiction in cases involving corporate fiduciaries.  The Report and Recommendation provides a short summary of this treatment, and describes the fiduciary or "corporate shield doctrine." (See Report and Recommendation, at 11.)  Plaintiffs take issue with the appearance of the corporate shield doctrine in the Report and Recommendation, as this doctrine has not been adopted by the Eighth Circuit.

However, the Report and Recommendation goes on to provide the Eighth Circuit's general rule regarding personal jurisdiction over corporate officers, and then returns to applying the appropriate rules to the facts of this case; it does not apply the corporate shield doctrine to the facts of the present case.  Additionally, it is clear from the briefs and the proceedings in this matter that Defendants are not requesting application of corporate shield doctrine, as they have conceded that other Maid-Rite fiduciaries (who are more active in managing the corporation) are subject to personal jurisdiction in this matter.  (See Audio Tr.,

Docket No. 42, at 6.) The Report and Recommendation was written with this understanding. Because of this, the Court overrules Plaintiffs' objections to the mention of corporate shield doctrine.

## II.     Personal Jurisdiction

Plaintiffs also object to the Report and Recommendation's treatment of Dr. Performance of Minn., Inc. v. Dr. Performance Mgmt., LLC, No. 01-1524, 2002 WL 31628440 (D. Minn. Nov. 12, 2002). Plaintiffs argue that the Report and Recommendation did not adequately consider that case or the case of State v. Continental Forms, 356 N.W.2d 442 (Minn. Ct. App. 1984). Plaintiffs assert that these cases establish that Defendants Copple, Kirke, and Lewis are subject to the Court's personal jurisdiction, based upon (1) their potential liability under the Minnesota Franchise Act ("MFA") and (2) a "plus factor," such as a tax identification form or a Franchise Disclosure Document ("FDD") registered with the forum state. The Court concludes, upon a review of the case law, that the MFA cannot extend application of Minnesota's long-arm statute beyond the reach of constitutional due process, and Plaintiffs have not established a basis for minimum contacts as to these Defendants that fall within that reach.

The Report and Recommendation provides that the Court lacks personal jurisdiction over Defendants Copple, Kirke, and Lewis because the Amended Complaint "fails to allege with any specificity any particular individual contacts by Copple, Kirke, or Lewis with Minnesota." (Report and Recommendation, at 11.) The Report and Recommendation goes on to state that "Plaintiffs rely solely on broad legal conclusions and alleged actions largely attributable to [Maid-Rite Corporation] as a corporation." (Id.)

The Report and Recommendation only briefly raises Dr. Performance as support for its appropriate conclusion that the MFA alone cannot establish jurisdiction in this matter. The Report and Recommendation does not reach the potential jurisdictional basis established in Continental Forms and acknowledged by Dr. Performance, a basis upon which Plaintiffs now rely in making their arguments. In Continental Forms, the Court of Appeals of Minnesota held that a tax statute imposing primary liability upon corporate officers, coupled with the listing of corporate officers on a tax form filed with the state, "presents a prima facie showing of minimum contacts." Cont'l Forms, 356 N.W.2d at 444.

Dr. Performance, a franchising case, recognized this basis for jurisdiction. See Dr. Performance, 2002 WL 31628440, at *4 ("[S]tatutory liability may establish

an officer or director's minimum contacts with the forum state.") The <u>Dr. Performance</u> decision provided that liability under the MFA, coupled with some singular contact with the forum state, might establish personal jurisdiction. <u>See id.</u> at *5. Regarding the statutory liability element, the Court explained that, "[i]n order for personal liability to attach to controlling persons under the Minnesota Franchise Act, they must have been in positions of control at the time of the alleged violation, or actively participated in the violation." <u>Id.</u> at *4 (citing Minn. Stat. § 80C.17, subdiv. 2). While this liability may have been established, the <u>Dr. Performance</u> court held that the defendant had no contact with the state because no identifying form had been registered in Minnesota, as was the case in <u>Continental Forms</u>. <u>Id.</u> at *5. Therefore, personal jurisdiction was not proper in that case.

Here, Plaintiffs argue that personal jurisdiction is established because (1) there is prima facie case for Defendants Copple, Kirke, and Lewis's liability under the MFA, and (2) the Defendants' names are listed on FDDs filed with the state. As to MFA liability, Plaintiffs argue that Defendants Copple, Kirke, and Lewis are liable under the MFA because they were in positions of control at the time of the alleged MFA violations.

5

The alleged violation to which Plaintiffs refer is that Maid-Rite Corporation violated the MFA when it allegedly provided information to Plaintiffs that was inconsistent with its FDDs, and thus misleading. (See Amended Complaint ¶¶ 1, 248, 326, 327, 410, 411, 467, 468.) The MFA prohibits such inconsistent statements:

> No person may offer to sell a franchise in this state by means of any written or oral communication which includes an <u>untrue statement of material fact</u> or which <u>omits to state a material fact</u> necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading.

Minn. Stat. § 80C.13, subdiv. 2 (emphasis added). Plaintiffs then cite Minn. Stat. § 80C.17, subdiv. 2, ("officer liability section") which provides that directors of a corporation are statutorily liable for the corporation's MFA violations, unless those directors had no knowledge of the violation:

> Every person who directly or indirectly controls a person liable under [the Act] . . . every principal executive officer or director of a corporation so liable . . . is also liable jointly and severally with and to the same extent as such person, unless the person who would otherwise be liable hereunder had no knowledge of or reasonable grounds to know of the existence of the facts by reason of which the liability is alleged to exist.

Minn. Stat. § 80C.17, subdiv. 2. Plaintiffs conclude by arguing that Defendants Copple, Kirke, and Lewis are liable under the MFA because they had actual or constructive knowledge of Maid-Rite Corporation's MFA violations. Based on

this potential MFA liability and the filing of the FDDs, the Plaintiffs argue that minimum contacts are established and personal jurisdiction exists over Defendants Copple, Kirke, and Lewis.  The Court disagrees.

Defendants' potential MFA liability does not obviate the requirement that minimum contacts must be established.  As Magistrate Judge Brisbois aptly noted during oral argument, "the mere fact of potential liability at the conclusion of the lawsuit alone isn't a contact."  (Audio Tr., at 11.)  Minimum contacts have not been established here, despite the existence of the FDDs.  Maid-Rite Corporation's 2008 - 2012 FDDs merely list Defendants Copple, Kirke, and Lewis's biographical information and employment history (with Defendant Kirke's name listed on the 2008 and 2009 FDDs only).  (See Docket No. 30, Garner Decl. and Exs.; Am. Compl. ¶ 25.)  These forms provide such a weak basis for contacts with Minnesota that predicating personal jurisdiction on them would offend traditional notions of fair play and substantial justice.

The forms are not signed by Defendants Copple, Kirke, and Lewis; they merely list their names and job descriptions.  At most, the Plaintiffs allege, "upon information and belief, [that Maid-Rite Corporation], by its attorneys, solicited this information from the Director Defendants for the purpose of creating the

7

FDD[s] and put the Director Defendants on actual notice that an FDD was being prepared." (Am. Compl. ¶ 25.)  Even considering this, there is no allegation that Defendants Copple, Kirke, and Lewis individually wrote, filed, or otherwise initiated contact with the forum.  Therefore, the FDDs do not demonstrate that Defendants Copple, Kirke, and Lewis individually interacted with the forum.  Because Plaintiffs have only made an insufficient showing of personal jurisdiction under the Continental Forms test, the Court concludes that Plaintiffs have failed to make a prima facie showing of minimum contacts.  Accordingly, the Court lacks personal jurisdiction over Defendants Copple, Kirke, and Lewis in this matter.

**III.    Failure to Plead Fraud**

As the Report and Recommendation recognizes, "Plaintiffs' Amended Complaint attributes 'fraud by omission' to [Maid-Rite Corporation] as an entity," and it "largely fails to place any of the individual defendants [Defendant Tania Burt, Copple, Kirke, and Lewis] on notice of their personal allegedly fraudulent conduct and/or omissions."  (Report and Recommendation, at 15.)  Because the Court has held that it lacks personal jurisdiction over Defendants Copple, Kirke, and Lewis, all arguments regarding the fraud-by-omission claims

as to those Defendants are moot, and Section III of the Report and Recommendation applies only to Defendant Tania Burt.

Accordingly, the Court adopts the Report and Recommendation signed by Magistrate Judge Leo I. Brisbois, dated January 3, 2014, in its entirety. Based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

1. The Court **ADOPTS** the Report and Recommendation of United States Magistrate Judge Leo I. Brisbois dated January 3, 2014 [Docket No. 36].

2. Defendants Tania Burt, Copple, Kirke, and Lewis's Motion to Dismiss [Docket No. 9] is **GRANTED** insofar as all of Plaintiffs' claims against Defendants Copple, Kirke, and Lewis be **DISMISSED WITHOUT PREJUDICE** for lack of personal jurisdiction.

3. Defendants Tania Burt, Copple, Kirke, and Lewis's Motion to Dismiss [Docket No. 9] is **GRANTED** insofar as all fraud-by-omission claims against Defendant Tania Burt (Counts 7, 20, 29, 39, and 45 of Plaintiffs' Amended Complaint) be **DISMISSED WITHOUT PREJUDICE** as insufficiently pled under Rule 9(b) of the Federal Rules of Civil Procedure.

Dated: April 21, 2014          Michael J. Davis
                                                Michael J. Davis
                                                Chief Judge
                                                United States District Court